**Opinion filed June 2, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00144-CV

_____

## IN THE INTEREST OF K.E.L., A CHILD

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM 49,471**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of both of K.E.L.'s parents. K.E.L.'s mother (appellant) filed an appeal. K.E.L.'s father, who voluntarily relinquished his parental rights, has not appealed. We affirm.

### *Issues*

Appellant presents three issues for review. In the first issue, she contends that the trial court abused its discretion by determining that this appeal is frivolous. In the second issue, appellant asserts that her due process rights have been violated. In the third issue, she challenges the legal and factual sufficiency of the evidence supporting the trial court's findings.

### *Background*

The trial court signed the order terminating parental rights on May 24, 2010. The trial court found that termination was in the child's best interest and that appellant had knowingly

placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child, had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, had constructively abandoned the child, and had failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child. Appellant timely filed a pro se notice of appeal on June 3, 2010. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). On June 16, 2010, after the fifteen-day deadline for filing a statement of points for appeal, the trial court appointed counsel to represent appellant on appeal. *See* Section 263.405(b). Counsel did not request an extension or file a statement of points for appeal. On July 28, 2010, the trial court held an untimely Section 263.405(d) hearing regarding frivolousness[1] and ultimately determined that the appeal was frivolous because appellant had not presented a substantial question for review.

*Frivolous Finding*

In the first issue, appellant challenges the trial court's finding that this appeal is frivolous. The trial court held a hearing and found the appeal to be frivolous under Section 263.405(d) and TEX. CIV. PRAC. & REM. CODE ANN. § 13.003 (Vernon 2002). When a trial court finds that an appeal is frivolous under Section 263.405(d), appellate review is generally limited to a review of the trial court's exercise of its discretion in determining that the appeal is frivolous. *In re J.J.C.*, 302 S.W.3d 436, 442 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *In re A.B.*, 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no pet.); *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526-27 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *In re K.D.*, 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). An appeal is frivolous if it lacks an arguable basis in either fact or law. *In re J.J.C.*, 302 S.W.3d at 444; *Lumpkin*, 260 S.W.3d at 527. Whether appellant presented a substantial question for appellate review is a factor that may be considered in assessing whether the appeal is frivolous. Section 13.003(b). Additionally, in making a frivolous determination under Section 263.405(d), a trial court is not being asked to decide the merits of a party's appeal; that task falls within the province of an appellate court. *In re Q.W.J.*, 331 S.W.3d 9, 14 (Tex. App.—Amarillo 2010, no pet.). Instead, the trial court is to

---

[1]Section 263.405(d) provides: "The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether . . . (3) the appeal is frivolous." The record does not contain an explanation for the delay, and neither party complains of or addresses that issue on appeal.

determine whether there is an arguable basis for an appeal, i.e., whether the issues raised are frivolous. *Id.*

After the hearing, the trial court ruled that appellant failed to present a substantial question for appellate review because "the summary of the evidence presented does show that there were sufficient grounds for termination." Sufficiency of the evidence is an arguable issue in an appeal from a contested termination proceeding. *Id.* In this case, termination had been contested by appellant and was determined after a bench trial on the merits at which eight witnesses were called to testify. Though the evidence at trial may have been sufficient to support termination, the question for the trial court at the Section 263.405(d) hearing was whether the appeal would be frivolous. On appeal, appellant presents an arguable issue as to the legal and factual sufficiency of the evidence in support of termination. Consequently, we hold that the trial court abused its discretion in determining the appeal to be frivolous.

Because this appeal is not frivolous, we sustain appellant's first issue. This issue is, however, not dispositive under the circumstances because a complete clerk's record and reporter's record have been provided in this case and because the brief filed by appellant challenges not only the order regarding frivolousness but also the order terminating appellant's parental rights.

*Legal and Factual Sufficiency*

In her third issue, appellant challenges the legal and factual sufficiency of the evidence supporting the trial court's findings on termination. With respect to the legal and factual sufficiency challenges, termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A-T) and that termination is in

the best interest of the child. Section 161.001. In this case, the trial court found that appellant committed four of the acts listed in Section 161.001(1). In her brief, appellant presents an argument challenging only two of those four findings. In one of the unchallenged findings, the trial court found that appellant constructively abandoned the child, who had been in the managing conservatorship of the Department for at least six months, and that (1) the Department had made reasonable efforts to return the child to appellant, (2) appellant had not regularly visited or maintained significant contact with the child, and (3) appellant had demonstrated an inability to provide the child with a safe environment. Our review of the record shows that the evidence supports this unchallenged finding. Furthermore, appellant admitted at trial that she had not finished the required domestic violence counseling as ordered by the court. The evidence also showed that appellant endangered K.E.L. by allowing her to be present in the home during episodes of domestic violence between appellant and the man with whom she lived. The testimony showed that appellant had serious anger management issues and had only recently begun taking medication to help her manage her aggressive behavior. Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction about the truth of the allegations against appellant.

The next question we must address is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

4

The record shows that K.E.L. had been placed with appellant's mother about one year prior to the trial; that K.E.L. is safe and flourishing with appellant's mother; that appellant's mother wishes to adopt K.E.L.; that appellant's actions have endangered K.E.L. in the past; that appellant is still in denial concerning domestic violence; that appellant still "flies off the handle" too easily; that appellant continues to live with the man with whom she has a long history of domestic violence; and that appellant is unable to provide a safe, stable home for K.E.L. Based on such evidence, the trial court could reasonably have formed a firm belief or conviction that termination would be in K.E.L.'s best interest.

Though appellant presented evidence that she had recently changed and was on the right path at the time of trial, the trial court was the factfinder and was the judge of the credibility of the witnesses. We cannot hold that the trial court's finding of best interest is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the trial court's finding that termination of appellant's parental rights is in the best interest of K.E.L. Appellant's third issue is overruled.

*Due Process*

In her second issue, appellant asserts that the application of Section 263.405 is unconstitutional because she was denied due process by the delayed appointment of appellate counsel. Although counsel was appointed after the deadline for filing a statement of points for appeal, appellant's due process rights have not been violated. Section 263.405(i), which limits an appeal to only those issues raised in a timely filed statement of points, has been held to be unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order. *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009).

In this case, counsel was appointed prior to the extension deadline permitted in *In re M.N.*, 262 S.W.3d 799 (Tex. 2008). Furthermore, counsel has not been limited to raising only those issues asserted in a statement of points. At the Section 263.405(d) hearing in the present case, the trial court addressed the issue of frivolousness without limiting appellant to only those issues raised in a timely filed statement of points for appeal. Thus, contrary to appellant's assertion, the trial court did not violate appellant's right to due process. Because neither the trial court nor this court has precluded appellant from raising a meritorious complaint, her due process contention is without merit. Appellant's second issue is overruled.

5

We affirm the trial court's order terminating the parental rights of K.E.L.'s mother.


JIM R. WRIGHT

CHIEF JUSTICE


June 2, 2011

Panel[2] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

6