NO. 07-10-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 29, 2010

_____


IN THE INTEREST OF Q.W.J. AND S.C., CHILDREN

_____

FROM COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 6538-L2; HONORABLE RONNIE WALKER, JUDGE[1]

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**OPINION**


The interests of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment.[2]

---

[1]Hon. Abe Lopez, (Ret.), sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(3) (Vernon 2005).

[2]*Santosky v. Kramer*, 455 U.S. 745, 774, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (Rehnquist, J. dissenting).

A.T.[3] appeals the trial court's denial of a free reporter's record after the trial court found that an appeal from the trial court's order terminating his parental rights to his child, S.C., would be frivolous. Likewise, C.J. also appeals the trial court's denial of a free reporter's record and additionally asserts abuse of discretion by the trial court in its findings concerning the grounds for termination of her parental rights to her children, Q.W.J.[4] and S.C. We reverse and remand.

## Factual Background

After hearing testimony from numerous witnesses from January 18, 2010 through January 21, 2010, the trial court signed an order terminating the parental rights of A.T. to his minor child and C.J. to her minor children on February 22, 2010. Both A.T. and C.J. were represented at trial by respective appointed counsel. Both counsel were permitted to withdraw immediately following trial.[5] A.T., proceeding pro se, filed a timely Notice of Appeal and Affidavit of Indigence.[6] C.J., represented by newly appointed counsel, timely filed a Notice of Appeal and Affidavit of Indigence.[7] Although the incomplete appellate record does not reflect when, and if, A.T. requested appointment

---

[3]To protect the parents' and children's privacy, we refer to them by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2008). *See also* Tex. R. App. P. 9.8(b).

[4]The order also terminated the parental rights of R.C.H. to Q.W.J.; however, R.C.H. did not appear for trial and is not a party to this appeal.

[5]The clerk's record contains the withdrawal order of C.J.'s appointed counsel but does not contain an order permitting A.T.'s counsel to withdraw.

[6]The clerk's record in this cause does not reflect a Statement of Points filed by A.T.; however, A.T. did timely file a Statement of Points in trial court cause number 6537-L2, appellate cause number 07-10-0087-CV. We cannot say with assurance that the clerk's record in this cause contains all documents filed. Due to the proceedings in cause number 6537-L2 and cause number 6538-L2 being consolidated below for trial, we assume for the sake of argument that A.T.'s Statement of Points applies in both appeals.

[7]C.J.'s Statement of Points, combined with her motion for new trial, is not contained in the clerk's record. However, a file-stamped copy is included in the appendix to her brief.

of counsel for appellate purposes, the trial court signed an order appointing new counsel for A.T. on March 18, 2010, twenty-four days after signing the termination order and after most critical deadlines for this type of accelerated appeal had expired. *See generally* Tex. Fam. Code Ann. § 263.405(a) and (b) (Vernon 2008).

Pursuant to section 263.405(d), the trial court held a mandatory hearing on March 22, 2010. A.T.'s newly appointed counsel was unavailable, and the hearing proceeded with C.J.'s newly appointed counsel speaking for both parents with A.T.'s consent. The State urged the trial court to deny the motion for new trial and find the parents' appeals frivolous. Counsel for C.J. requested the trial court provide a free transcript in the event the motion for new trial was not granted. No evidence was introduced at the hearing and the trial court announced it was denying the motion for new trial as to both parents and ruled any appeal frivolous. The trial court added:

> [a]nd my finding on the frivolous issue is based on the evidence that the Court heard. This was a non-jury trial; it was a trial, bench. There was a lot of evidence. I heard a lot of witnesses, and so based on what I heard, the Court is of the opinion that such an appeal would be frivolous . . . .

The trial court signed an order memorializing its ruling. The statutory consequence of a "frivolous" finding is that an indigent parent is not entitled to a free appellate record of the underlying proceedings. Tex. Civ. Prac. and Rem. Code Ann. § 13.003(a) (Vernon 2002). If a trial court makes a frivolous finding, the aggrieved parent can appeal, but the appeal is initially limited to the frivolous issue. *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 526 (Tex.App.--Houston [1st Dist.] 2008, no pet.). That is, before we can reach the substantive merits of an appeal in which a

frivolous finding has been made, we must first determine whether the trial court properly found the appeal to be frivolous. *Id.*

Appellants' notices of appeal and statement of points were filed before the trial court made its frivolous determination, and Appellants have not specifically challenged the frivolous determination by way of a statement of points. Nevertheless, we construe A.T.'s and C.J.'s appeals to encompass a challenge to the frivolous finding because both parents did file separate appellate briefs contending the trial court committed reversible error in denying them a free reporter's record. *Id.*

**Analysis**

We begin our analysis with the axiom that the natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In the Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980).

Section 13.003 of the Texas Civil Practice and Remedies Code provides for a free reporter's record if the trial court finds (1) the appeal is not frivolous and (2) the record is needed to decide issues presented on appeal. Tex. Civ. Prac. and Rem. Code Ann. § 13.003(a) (Vernon 2002). In deciding whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review. *Id.* at (b). An appeal is frivolous when it lacks an arguable basis either in law or in fact. *See In re K.D.*, 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no pet.)

4

(citing *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex.App.--San Antonio 1998, no pet.)).

We review a trial court's frivolous finding under an abuse of discretion standard. *De La Vega*, 974 S.W.2d at 154. A trial court abuses its discretion if it acted without reference to any guiding rules and principles or if its decision was arbitrary or unreasonable. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242-43 (Tex. 1985)).

Here, the trial court terminated the rights of both parents on the following grounds:

- knowingly placed or knowingly allowed the children to remain in conditions or surrounding which endangered their physical or emotional well-being;

- engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the children;

- failed to support the child in accordance with the parents' abilities during a period of one year ending within six months of the date of the filing of the petition; and

- failed to comply with the provisions of a court order that specifically established the actions necessary for the parents to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents under Chapter 262 for abuse or neglect.

*See* Tex. Family Code Ann. § 16.001(1)(D), (E), (F), and (O) (Vernon Supp. 2010).

Neither court-appointed appellate counsel served as trial counsel. Appellants' trial counsel were both permitted to withdraw during a "critical stage" of the termination

5

proceeding. *See In the Interest of J.O.A.*, 262 S.W.3d 7, 18 (Tex.App.--Amarillo 2008), *modified*, 283 S.W.3d 336 (Tex. 2009). The procedural posture of this case forced A.T. to file his statement of points without the benefit of counsel and C.J.'s newly appointed appellate counsel to face the onerous task of formulating a statement of points without the benefit of either being present at trial or a reporter's record to review.[8] In this respect, the operation of section 263.405 is illogically circular because it prevents an indigent parent from obtaining a record until after the trial court makes a non-frivolous determination as to points that require a record to formulate and present. *See In re K.H.O.T.T.*, 2010 Tex.App. LEXIS 6507, at *3 (Tex.App.--Tyler Aug. 11, 2010, no pet. h.).

The Legislature affords parents in termination cases the right of appeal. *See* Tex. Fam. Code Ann. § 109.002 (Vernon 2008). Once appellate review is afforded, it cannot be unduly restricted. *In the Interest of B.G.*, __ S.W.3d __, 53 Tex. Sup. J. 947, No. 07-0960, 2010 Tex. LEXIS 477, at *17 (Tex. July 2, 2010). The United States Supreme Court "has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *M.L.B. v. S.LJ.,* 519 U.S. 102, 111, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).

In his Statement of Points, A.T. challenges the sufficiency of the evidence to support all four grounds relied on by the trial court in its determination to terminate the parent-child relationship between him and his child. He also challenges the sufficiency of the evidence to support the trial court's best interest determination, alleges ineffective

---

[8]C.J.'s appellate counsel candidly admits that she was forced to merely speculate as to what appellate issues might be raised in filing C.J.'s statement of points.

assistance of counsel, and finally, challenges the constitutionality of sections 109.002 and 263.405 of the Texas Family Code.

By her Statement of Points, C.J. also challenges the evidence to support the four grounds relied on by the trial court in its decision to terminate her parental rights to her children as well as the best interest determination. She contends the Department failed to meet the clear and convincing standard of review utilized in termination cases. She echoes A.T.'s complaints on ineffective assistance of counsel and also challenges the constitutionality of section 109.002 and 263.405.

We now consider whether A.T. and C.J. presented a substantial question for appellate review, which is a factor that may be considered in assessing whether the appeal is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b). In a contested termination proceeding, sufficiency of the evidence, which both parents raise in their Statements of Points, is an arguable issue on appeal. Additionally, a challenge to the constitutionality of section 263.405, which both parents included in their Statements of Points, raises a substantial question which should be reviewed on the merits by an appellate court. *See D.R. v. Tex. Dep't of Family & Protective Servs.*, 281 S.W.3d 598, 602 (Tex.App.--El Paso 2008, no pet.).

Additionally, in making a frivolous determination under section 263.405(d)(3), a trial court is not being asked to decide the merits of a party's appeal. That task is for the province of an appellate court. Instead, the trial court's role is to determine whether there is an arguable basis for an appeal, i.e., whether the issues raised in a statement of points are frivolous. *See In the Interest of D.W.*, 249 S.W.3d 625, 644 (Tex.App.--

Fort Worth 2008), *pet. denied*, 260 S.W.3d 462 (Tex. 2008).[9] When the Legislature blocks the exercise of our appellate judicial function, it interferes with our substantive appellate powers and violates the Separation of Powers Clause of Article II, § 1 of the Texas Constitution. *See* 249 S.W.3d at 640. *See also In the Interest of M.R.J.M.*, 280 S.W.3d 494, 498 and n.3 (Tex.App.--Fort Worth 2009, no pet.).

We conclude arguable grounds for an appeal exist. Therefore, the trial court abused its discretion in finding the appeal frivolous and denying A.T. and C.J. a free reporter's record. Consequently, we reverse the trial court's order finding the parties' notices of appeals frivolous and remand the cause to the trial court to order the court reporter to complete and file the reporter's record on or before November 29, 2010. Appellants shall each file a merits brief within 20 days after the reporter's record is filed. Appellee's brief must be filed within 20 days after Appellants' briefs are filed.

It is so ordered.

Per Curiam

---

[9]In denying the petition for review, the Court noted it neither approved nor disapproved of the Fort Worth Court's holding regarding the constitutionality of section 263.405.