Opinion filed June 2, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00144-CV 

                                                    __________

 

                           IN
THE INTEREST OF K.E.L., A CHILD



 

                                   On
Appeal from the 318th District Court

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. FM 49,471

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of both of
K.E.L.’s parents.  K.E.L.’s mother (appellant) filed an appeal.  K.E.L.’s
father, who voluntarily relinquished his parental rights, has not appealed.  We
affirm.  

Issues

            Appellant
presents three issues for review.  In the first issue, she contends that the
trial court abused its discretion by determining that this appeal is frivolous. 
In the second issue, appellant asserts that her due process rights have been
violated.  In the third issue, she challenges the legal and factual sufficiency
of the evidence supporting the trial court’s findings.  

Background

            The
trial court signed the order terminating parental rights on May 24, 2010.  The
trial court found that termination was in the child’s best interest and that
appellant had knowingly placed or knowingly allowed the child to remain in
conditions or surroundings that endangered the physical or emotional well-being
of the child, had engaged in conduct or knowingly placed the child with persons
who engaged in conduct that endangered the physical or emotional well-being of
the child, had constructively abandoned the child, and had failed to comply
with the provisions of a court order that specifically established the actions
necessary for the mother to obtain the return of the child.  Appellant timely
filed a pro se notice of appeal on June 3, 2010.  See Tex. Fam. Code Ann. § 263.405 (Vernon 2008). 
On June 16, 2010, after the fifteen-day deadline for filing a statement of
points for appeal, the trial court appointed counsel to represent appellant on
appeal.  See Section 263.405(b).  Counsel did not request an extension
or file a statement of points for appeal.  On July 28, 2010, the trial court held
an untimely Section 263.405(d) hearing regarding frivolousness[1]
and ultimately determined that the appeal was frivolous because appellant had
not presented a substantial question for review.

Frivolous
Finding

            In
the first issue, appellant challenges the trial court’s finding that this
appeal is frivolous.  The trial court held a hearing and found the appeal to be
frivolous under Section 263.405(d) and Tex.
Civ. Prac. & Rem. Code Ann. § 13.003 (Vernon 2002).  When a trial
court finds that an appeal is frivolous under Section 263.405(d), appellate
review is generally limited to a review of the trial court’s exercise of its
discretion in determining that the appeal is frivolous.  In re J.J.C.,
302 S.W.3d 436, 442 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); In
re A.B., 269 S.W.3d 120, 124 (Tex. App.—El Paso 2008, no pet.); Lumpkin
v. Dep’t of Family & Protective Servs., 260 S.W.3d 524, 526-27 (Tex.
App.—Houston [1st Dist.] 2008, no pet.); In re K.D., 202 S.W.3d 860, 865
(Tex. App.—Fort Worth 2006, no pet.).  An appeal is frivolous if it lacks an
arguable basis in either fact or law.  In re J.J.C., 302 S.W.3d at 444; Lumpkin,
260 S.W.3d at 527.  Whether appellant presented a substantial question for
appellate review is a factor that may be considered in assessing whether the
appeal is frivolous.  Section 13.003(b).  Additionally,
in making a frivolous determination under Section 263.405(d), a trial court is
not being asked to decide the merits of a party’s appeal; that task falls
within the province of an appellate court.  In re Q.W.J., 331
S.W.3d 9, 14 (Tex. App.—Amarillo 2010, no pet.).  Instead, the trial court is
to determine whether there is an arguable basis for an appeal, i.e., whether
the issues raised are frivolous.  Id.  

            After
the hearing, the trial court ruled that appellant failed to present a
substantial question for appellate review because “the summary of the evidence
presented does show that there were sufficient grounds for termination.”  Sufficiency
of the evidence is an arguable issue in an appeal from a contested termination
proceeding.  Id.  In this case, termination had been contested by
appellant and was determined after a bench trial on the merits at which eight
witnesses were called to testify.  Though the evidence at trial may have been
sufficient to support termination, the question for the trial court at the
Section 263.405(d) hearing was whether the appeal would be frivolous.  On
appeal, appellant presents an arguable issue as to the legal and factual
sufficiency of the evidence in support of termination.  Consequently, we hold
that the trial court abused its discretion in determining the appeal to be
frivolous. 

            Because
this appeal is not frivolous, we sustain appellant’s first issue.  This issue
is, however, not dispositive under the circumstances because a complete clerk’s
record and reporter’s record have been provided in this case and because the
brief filed by appellant challenges not only the order regarding frivolousness
but also the order terminating appellant’s parental rights.  

Legal
and Factual Sufficiency

            In
her third issue, appellant challenges the legal and factual sufficiency of the
evidence supporting the trial court’s findings on termination. With respect to
the legal and factual sufficiency challenges, termination of parental rights
must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2010).  To
determine if the evidence is legally sufficient in a parental termination case,
we review all of the evidence in the light most favorable to the finding and
determine whether a rational trier of fact could have formed a firm belief or
conviction that its finding was true.  In re J.P.B., 180 S.W.3d 570, 573
(Tex. 2005).  To determine if the evidence is factually sufficient, we give due
deference to the finding and determine whether, on the entire record, a
factfinder could reasonably form a firm belief or conviction about the truth of
the allegations against the parent.  In re C.H., 89 S.W.3d 17, 25-26
(Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A-T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed four of the acts
listed in Section 161.001(1).  In her brief, appellant presents an argument
challenging only two of those four findings.  In one of the unchallenged
findings, the trial court found that appellant constructively abandoned the
child, who had been in the managing conservatorship of the Department for at
least six months, and that (1) the Department had made reasonable efforts to
return the child to appellant, (2) appellant had not regularly visited or
maintained significant contact with the child, and (3) appellant had
demonstrated an inability to provide the child with a safe environment.  Our
review of the record shows that the evidence supports this unchallenged
finding.  Furthermore, appellant admitted at trial that she had not finished
the required domestic violence counseling as ordered by the court.  The
evidence also showed that appellant endangered K.E.L. by allowing her to be
present in the home during episodes of domestic violence between appellant and
the man with whom she lived.  The testimony showed that appellant had serious
anger management issues and had only recently begun taking medication to help
her manage her aggressive behavior.  Based on the evidence presented at trial,
the trial court could reasonably have formed a firm belief or conviction about
the truth of the allegations against appellant.  

            The
next question we must address is whether the best interest finding is supported
by legally and factually sufficient evidence.  With respect to the best
interest of a child, no unique set of factors need be proved.  In re C.J.O.,
325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use
the non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical
needs of the child now and in the future, (3) the emotional and physical danger
to the child now and in the future, (4) the parental abilities of the
individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the child
by these individuals or by the agency seeking custody, (7) the stability of the
home or proposed placement, (8) the acts or omissions of the parent that may
indicate that the existing parent-child relationship is not a proper one, and
(9) any excuse for the acts or omissions of the parent.  Id. 
Additionally, evidence that proves one or more statutory grounds for
termination may also constitute evidence illustrating that termination is in
the child’s best interest.  C.J.O., 325 S.W.3d at 266.  

The
record shows that K.E.L. had been placed with appellant’s mother about one year
prior to the trial; that K.E.L. is safe and flourishing with appellant’s mother;
that appellant’s mother wishes to adopt K.E.L.; that appellant’s actions have
endangered K.E.L. in the past; that appellant is still in denial concerning
domestic violence; that appellant still “flies off the handle” too easily; that
appellant continues to live with the man with whom she has a long history of
domestic violence; and that appellant is unable to provide a safe, stable home
for K.E.L.  Based on such evidence, the trial court could reasonably have
formed a firm belief or conviction that termination would be in K.E.L.’s best
interest. 

Though
appellant presented evidence that she had recently changed and was on the right
path at the time of trial, the trial court was the factfinder and was the judge
of the credibility of the witnesses.  We cannot hold that the trial court’s
finding of best interest is not supported by clear and convincing evidence. 
The evidence is both legally and factually sufficient to support the trial
court’s finding that termination of appellant’s parental rights is in the best
interest of K.E.L.  Appellant’s third issue is overruled.  

Due
Process

            In
her second issue, appellant asserts that the application of Section 263.405 is
unconstitutional because she was denied due process by the delayed appointment
of appellate counsel.  Although counsel was appointed after the deadline for
filing a statement of points for appeal, appellant’s due process rights have
not been violated.  Section 263.405(i), which limits an appeal to only those
issues raised in a timely filed statement of points, has been held to be
unconstitutional as applied when it precludes a parent from raising a
meritorious complaint about the insufficiency of the evidence supporting the
termination order.  In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009).  

            In
this case, counsel was appointed prior to the extension deadline permitted in
In re M.N., 262 S.W.3d 799 (Tex. 2008).  Furthermore, counsel has not been
limited to raising only those issues asserted in a statement of points.  At the
Section 263.405(d) hearing in the present case, the trial court addressed the
issue of frivolousness without limiting appellant to only those issues raised
in a timely filed statement of points for appeal.  Thus, contrary to
appellant’s assertion, the trial court did not violate appellant’s right to due
process.  Because neither the trial court nor this court has precluded
appellant from raising a meritorious complaint, her due process contention is
without merit.  Appellant’s second issue is overruled.  

            We
affirm the trial court’s order terminating the parental rights of K.E.L.’s
mother. 

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

June 2, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]Section 263.405(d) provides:  “The trial court shall
hold a hearing not later than the 30th day after the date the final order is
signed to determine whether . . . (3) the appeal is frivolous.”  The record
does not contain an explanation for the delay, and neither party complains of
or addresses that issue on appeal. 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.