Opinion filed August 18,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00321-CV 

                                                    __________

 

                IN THE
INTEREST OF S.P. AND S.M.J., CHILDREN



 

                                   On
Appeal from the 326th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6752-CX

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of the mother and
father of S.P. and S.M.J.  The mother and father each filed a notice of appeal
from the termination order. We affirm.  

Issues

            The
mother presents four issues for review, and the father presents one issue.  In
her first issue, the mother asserts that the evidence is legally and factually
insufficient to support the finding that termination of her parental rights is
in the best interest of the children.  In her second, third, and fourth issues,
the mother challenges the legal and factual sufficiency of the evidence
supporting the findings that she knowingly placed or knowingly allowed the
children to remain in conditions or surroundings that endangered the physical
or emotional well-being of the children, that she engaged in conduct or
knowingly placed the children with persons who engaged in conduct that
endangered the physical or emotional well-being of the children, and that she
failed to comply with the provisions of the service plan.  In his sole issue,
the father contends that the trial court abused its discretion by determining
that this appeal is frivolous and that the evidence is legally and factually
insufficient to support the finding that termination is in the best interest of
the children.

Background

            The
trial court signed the order terminating parental rights on October 4, 2010.  Each
parent filed a statement of points for appeal, challenging, among other things,
the sufficiency of the evidence.  See Tex.
Fam. Code Ann. § 263.405 (Vernon 2008).  On October 29, 2010, the trial
court apparently held a Section 263.405(d) hearing regarding frivolousness and
ultimately determined that the appeal of each parent was frivolous.  However,
the trial court did not enter an order on the frivolousness issue until April
6, 2011, after the parents’ briefs were filed in this court and well after the
trial court lost plenary power.  The appellate record does not contain a
reporter’s record from the Section 263.405(d) hearing, but it does contain the
reporter’s record from the trial on termination.  Consequently, we will address
the merits of the substantive issues presented rather than merely determine
whether the appeals are frivolous.[1] 


Legal
and Factual Sufficiency

            In their
issues on appeal, the parents challenge the legal and factual sufficiency of
the evidence supporting termination.  With respect to the legal and factual
sufficiency challenges, termination of parental rights must be supported by
clear and convincing evidence.  Tex. Fam.
Code Ann. § 161.001 (Vernon Supp. 2010).  To determine if the evidence
is legally sufficient in a parental termination case, we review all of the
evidence in the light most favorable to the finding and determine whether a
rational trier of fact could have formed a firm belief or conviction that its
finding was true.  In re J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  To
determine if the evidence is factually sufficient, we give due deference to the
finding and determine whether, on the entire record, a factfinder could
reasonably form a firm belief or conviction about the truth of the allegations
against the parent.  In re C.H., 89 S.W.3d 17, 25-26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that the parents committed three of the
acts listed in Section 161.001(1).  The trial court found that the parents had
knowingly placed or knowingly allowed the children to remain in conditions or
surroundings that endangered the physical or emotional well-being of the
children, had engaged in conduct or knowingly placed the children with persons
who engaged in conduct that endangered the physical or emotional well-being of
the children, and had failed to comply with the provisions of a court order
that specifically established the actions necessary for them to obtain the
return of the children who had been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for not
less than nine months as a result of the children’s removal from the parents
for abuse or neglect.  See Section 161.001(1)(D), (E), (O).  The trial
court also found that termination was in the children’s best interest.  See
Section 161.001(2).  

            The
record shows that, after extensive efforts on the part of Lindsay Savage, a
Family Based Safety Service worker with Child Protective Services, to keep the
family together, the children were removed from their parents for neglect under
Tex. Fam. Code Ann. ch. 262
(Vernon 2008 & Supp. 2010).  After the children were removed, a
court-ordered service plan was put into place.  The parents were required to
comply with that service plan, which established the actions necessary for them
to obtain the return of the children.  Section 161.001(O).  The record shows,
and the parents admitted, that they did not fully comply with the court-ordered
service plan as required.  Based on the evidence presented at trial, the trial
court could reasonably have formed a firm belief or conviction about the truth
of the allegations that each parent failed to comply with the service plan.  

            The
next question we must address is whether the best interest finding is supported
by legally and factually sufficient evidence.  With respect to the best
interest of a child, no unique set of factors need be proved.  In re C.J.O.,
325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But, courts may
use the non-exhaustive Holley factors to shape their analysis.  Holley
v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical
needs of the child now and in the future, (3) the emotional and physical danger
to the child now and in the future, (4) the parental abilities of the
individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the
child by these individuals or by the agency seeking custody, (7) the stability
of the home or proposed placement, (8) the acts or omissions of the parent that
may indicate that the existing parent-child relationship is not a proper one,
and (9) any excuse for the acts or omissions of the parent.  Id. 
Additionally, evidence that proves one or more statutory grounds for
termination may also constitute evidence illustrating that termination is in
the child’s best interest.  C.J.O., 325 S.W.3d at 266.  

The
record shows that Savage worked with both parents for several months prior to
the removal of the children to try to help the family “get back on their feet”
and “prosper.”  Under a special program that was in effect at that time, the
Department provided numerous services, household items, phone cards, transportation,
diapers, wipes, baby formula, car seats, and clothes to the family and also
paid over $1,000 for an apartment, which the family was evicted from after one
month and which the father “trashed.”  The family also received aid in the form
of TANF, WIC, Medicaid, and food stamps and aid from various churches.  Despite
the extensive assistance, the parents made minimal effort or progress toward
becoming self-sustaining and being able to provide a safe place for the
children to live.  The parents remained homeless and often stayed in shelters
or on the street.  

The
record shows that the children had been placed with various relatives and
friends before being removed and placed with foster parents; that the foster
parents wished to adopt the children; that the children are safe and doing
better in foster care; that S.M.P., who is developmentally delayed and needs
therapy and extra attention, has progressed while in the care of the foster
parents; that the parents’ actions, including domestic abuse, constitute an endangerment
for the children; that the father behaved sexually inappropriately with S.P.;
that the parents remain homeless, moving frequently and often staying with
various relatives, in motels, in shelters, or on the street; that the mother is
unable to provide a safe, stable home for the children; that the father is
unable to provide a safe, stable home for the children; that the father was in
prison at the time of trial serving a five-year sentence and had a variety of
prior convictions; and that both parents are capable of working but do not
maintain employment or provide support for the children.  Based on such
evidence, the trial court could reasonably have formed a firm belief or
conviction that termination of both parents’ rights would be in S.P.’s and
S.M.J.’s best interest.  

Evidence
indicating that the mother had another baby after S.P. and S.M.J. were removed
and that the third child had not been removed from her care at the time of
trial does not control the outcome of this appeal and is not dispositive of
whether termination of parental rights is in the best interest of S.P. and
S.M.J.  We cannot hold that the finding as to termination being in the children’s
best interest is not supported by clear and convincing evidence.  The evidence
is both legally and factually sufficient to support the finding that
termination of both parents’ parental rights is in the best interest of the
children.  The mother’s first and fourth issues and the father’s sole issue are
overruled.  As these issues are dispositive of the appeal, we need not address
the remaining issues.  See Tex.
R. App. P. 47.1.  

            We
affirm the trial court’s order terminating the mother’s and the father’s parental
rights.  

 

 

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

August 18, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.

 









[1]We note that, in making a frivolous determination under
Section 263.405(d), a trial court is not being asked to decide the merits of a
party’s appeal; that task falls within the province of an appellate court.  In
re Q.W.J., 331 S.W.3d 9, 14 (Tex. App.—Amarillo 2010, no pet.).  Instead,
the trial court is to determine whether there is an arguable basis for an
appeal, i.e., whether the issues raised are frivolous.  Id.  Sufficiency
of the evidence is an arguable issue in an appeal from a contested termination
proceeding.  Id.