**Opinion filed August 18, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00321-CV

_____

## IN THE INTEREST OF S.P. AND S.M.J., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6752-CX**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of the mother and father of S.P. and S.M.J. The mother and father each filed a notice of appeal from the termination order. We affirm.

### Issues

The mother presents four issues for review, and the father presents one issue. In her first issue, the mother asserts that the evidence is legally and factually insufficient to support the finding that termination of her parental rights is in the best interest of the children. In her second, third, and fourth issues, the mother challenges the legal and factual sufficiency of the evidence supporting the findings that she knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, that she engaged in conduct or knowingly placed the children with persons who

engaged in conduct that endangered the physical or emotional well-being of the children, and that she failed to comply with the provisions of the service plan. In his sole issue, the father contends that the trial court abused its discretion by determining that this appeal is frivolous and that the evidence is legally and factually insufficient to support the finding that termination is in the best interest of the children.

*Background*

The trial court signed the order terminating parental rights on October 4, 2010. Each parent filed a statement of points for appeal, challenging, among other things, the sufficiency of the evidence. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). On October 29, 2010, the trial court apparently held a Section 263.405(d) hearing regarding frivolousness and ultimately determined that the appeal of each parent was frivolous. However, the trial court did not enter an order on the frivolousness issue until April 6, 2011, after the parents' briefs were filed in this court and well after the trial court lost plenary power. The appellate record does not contain a reporter's record from the Section 263.405(d) hearing, but it does contain the reporter's record from the trial on termination. Consequently, we will address the merits of the substantive issues presented rather than merely determine whether the appeals are frivolous.[1]

*Legal and Factual Sufficiency*

In their issues on appeal, the parents challenge the legal and factual sufficiency of the evidence supporting termination. With respect to the legal and factual sufficiency challenges, termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2010). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

---

[1] We note that, in making a frivolous determination under Section 263.405(d), a trial court is not being asked to decide the merits of a party's appeal; that task falls within the province of an appellate court. *In re Q.W.J.*, 331 S.W.3d 9, 14 (Tex. App.—Amarillo 2010, no pet.). Instead, the trial court is to determine whether there is an arguable basis for an appeal, i.e., whether the issues raised are frivolous. *Id.* Sufficiency of the evidence is an arguable issue in an appeal from a contested termination proceeding. *Id.*

2

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T) and that termination is in the best interest of the child. Section 161.001. In this case, the trial court found that the parents committed three of the acts listed in Section 161.001(1). The trial court found that the parents had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, and had failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect. *See* Section 161.001(1)(D), (E), (O). The trial court also found that termination was in the children's best interest. *See* Section 161.001(2).

The record shows that, after extensive efforts on the part of Lindsay Savage, a Family Based Safety Service worker with Child Protective Services, to keep the family together, the children were removed from their parents for neglect under TEX. FAM. CODE ANN. ch. 262 (Vernon 2008 & Supp. 2010). After the children were removed, a court-ordered service plan was put into place. The parents were required to comply with that service plan, which established the actions necessary for them to obtain the return of the children. Section 161.001(O). The record shows, and the parents admitted, that they did not fully comply with the court-ordered service plan as required. Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction about the truth of the allegations that each parent failed to comply with the service plan.

The next question we must address is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But, courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental

abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that Savage worked with both parents for several months prior to the removal of the children to try to help the family "get back on their feet" and "prosper." Under a special program that was in effect at that time, the Department provided numerous services, household items, phone cards, transportation, diapers, wipes, baby formula, car seats, and clothes to the family and also paid over $1,000 for an apartment, which the family was evicted from after one month and which the father "trashed." The family also received aid in the form of TANF, WIC, Medicaid, and food stamps and aid from various churches. Despite the extensive assistance, the parents made minimal effort or progress toward becoming self-sustaining and being able to provide a safe place for the children to live. The parents remained homeless and often stayed in shelters or on the street.

The record shows that the children had been placed with various relatives and friends before being removed and placed with foster parents; that the foster parents wished to adopt the children; that the children are safe and doing better in foster care; that S.M.P., who is developmentally delayed and needs therapy and extra attention, has progressed while in the care of the foster parents; that the parents' actions, including domestic abuse, constitute an endangerment for the children; that the father behaved sexually inappropriately with S.P.; that the parents remain homeless, moving frequently and often staying with various relatives, in motels, in shelters, or on the street; that the mother is unable to provide a safe, stable home for the children; that the father is unable to provide a safe, stable home for the children; that the father was in prison at the time of trial serving a five-year sentence and had a variety of prior convictions; and that both parents are capable of working but do not maintain employment or provide support for the children. Based on such evidence, the trial court could reasonably have formed a firm belief or conviction that termination of both parents' rights would be in S.P.'s and S.M.J.'s best interest.

4

Evidence indicating that the mother had another baby after S.P. and S.M.J. were removed and that the third child had not been removed from her care at the time of trial does not control the outcome of this appeal and is not dispositive of whether termination of parental rights is in the best interest of S.P. and S.M.J. We cannot hold that the finding as to termination being in the children's best interest is not supported by clear and convincing evidence. The evidence is both legally and factually sufficient to support the finding that termination of both parents' parental rights is in the best interest of the children. The mother's first and fourth issues and the father's sole issue are overruled. As these issues are dispositive of the appeal, we need not address the remaining issues. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's order terminating the mother's and the father's parental rights.


TERRY McCALL

JUSTICE


August 18, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

5