NO. 07-11-00140-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 29, 2011

_____

IN THE INTEREST OF N. D. B., A CHILD

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 35,650; HONORABLE PHIL N. VANDERPOOL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Amanda Woodard appeals a final Order of Termination by which the trial court terminated the parent-child relationship between appellant and her child, N.D.B.[1] By four issues, appellant challenges the sufficiency of the evidence supporting the judgment of termination. We will affirm.

Background

In June 2009, when N.D.B. was four months old, the Texas Department of Family and Protective Services ("Department") became involved with appellant and N.D.B. after

_____

[1] *See* Tex. R. App. P. 9.8(b)(1)(A) (West 2011) (requiring use of initials or fictitious name in some cases). N.D.B.'s father voluntarily relinquished his parental rights to N.D.B, and is not a party to this appeal.

they were found in a residence in Pampa, Texas, that contained methamphetamine, used syringes and other drug paraphernalia. Appellant was arrested for manufacturing methamphetamine and N.D.B. was removed from her care.

Later that month, the Department filed suit to terminate appellant's parental rights, alleging several grounds for termination under Family Code section 161.001(1) and that termination would be in the best interest of N.D.B.  Tex. Fam. Code Ann. § 161.001 (West 2011).[2]

The case was tried to the bench.  Appellant testified, acknowledging her conduct was detrimental to her child, but explaining her desire and efforts to be reunited with N.D.B.  Her father also testified on her behalf.  The Department produced several witnesses, all opining termination was proper and in the best interest of N.D.B.

The trial court found that appellant had (1) knowingly placed or knowingly allowed N.D.B. to remain in conditions or surroundings which endangered the child's physical or emotional wellbeing; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of N.D.B. Tex. Fam. Code. Ann. § 161.001(1)(D), (E), and (O) (West 2011).[3]   Additionally, the trial

_____

[2] Unless otherwise indicated, subsequent references to statutory sections are to the Texas Family Code Annotated (West 2011).

[3] On appeal, appellant challenges additional grounds alleged in the Department's petition.  Because the trial court did not terminate on those grounds, we will not address them.

court found termination of appellant's parental rights would be in the best interest of N.D.B. Tex. Fam. Code Ann. § 161.001(2) (West 2011). On the basis of those findings, which the court said were supported by clear and convincing evidence, the court ordered termination of the parent-child relationship between appellant and N.D.B.

After appellant filed her notice of appeal, the district court entered an order in which it found the appeal to be frivolous.[4] Appellant appeals the final order terminating her parental rights to N.D.B.

Analysis

Through four issues, appellant challenges the legal and factual sufficiency of the evidence supporting the trial court's findings that statutory grounds for termination existed, and that termination would be in the best interest of N.D.B.[5]

---

[4] Section 263.405(d)(3) of the Family Code requires the trial court to determine whether an appeal from a final termination order is frivolous "as provided by section 13.003(b), Civil Practice and Remedies Code." Tex. Fam. Code Ann. § 263.405(d)(3) (West 2011) (repealed by Act of 2011, ch. 75, § 5, effective September 1, 2011). Section 13.003(b) provides that, "[i]n determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002). An appeal is frivolous if it lacks an arguable basis either in law or in fact. *Lumpkin v. Dep't of Family & Protective Servs.*, 260 S.W.3d 524, 527 (Tex.App.—Houston [14th Dist.] 2009, pet. denied).

[5] N.D.B.'s attorney *ad litem* submitted a brief generally noting there was some credible evidence to support some of the Department's grounds for termination but argues the evidence did not rise to the level of clear and convincing evidence as required. The *ad litem* also contended there was only a scintilla of evidence to support a finding that termination was in N.D.B.'s best interest.

Finding of Frivolousness

Appellant does not directly address the trial court's finding her appeal is frivolous. Notwithstanding the trial court's finding, the record before us includes the evidence presented at the termination hearing. In its brief, the Department states the issues in terms of the correctness of the trial court's frivolousness findings, but its arguments address the merits of appellant's attack on the sufficiency of the evidence. As have other courts in similar situations, *see In re J.J.C.,* 302 S.W.3d 436, 442-43 (Tex.App.—Houston [14th Dist.] 2009, pet. denied), we will construe appellant's appeal to include a challenge to the trial court's finding of frivolousness.

An appeal of a final termination order is limited to the issues presented in the statement of points. Tex. Fam. Code Ann. § 263.405(i) (West 2011). When a statement of points has been filed, a trial court finding the appeal to be frivolous necessarily has determined there is no issue among those identified in the statement of points that possesses an arguable basis in law and fact. *See Lumpkin,* 260 S.W.3d at 527; *In the Interest of A.P.,* No. 07-10-00481-CV, 2011 Tex.App. LEXIS 6219, at *4 (Tex.App.—Amarillo Aug. 9, 2011, no pet.) (mem. op.). We review the trial court's finding of frivolousness under the abuse of discretion standard but, with respect to appeal points attacking the sufficiency of the evidence, we must take into account the clear and convincing evidence standard applicable in termination cases. *In re K.D.,* 202 S.W.3d 860, 867-68 (Tex.App.—Fort Worth 2006, no pet.). In making a frivolousness determination under Section 263.405(d), a trial court is not being asked to decide the merits of a party's appeal; that task falls to the appellate court. *In re Q.W.J.,* 331 S.W.3d 9, 14 (Tex.App.—Amarillo 2010, no pet.). Instead, the trial court is to determine whether

4

there is an arguable basis for an appeal, i.e., whether the issues raised are frivolous. *Id.*

In her statement of points, appellant asserted the evidence supporting the grounds for termination was not clear and convincing. Specifically, she argued the actions she had taken to rehabilitate herself and alleviate the circumstances requiring the child's removal defeated the grounds on which the court based its termination order. She also asserted the evidence termination was in the child's best interest was less than clear and convincing because there was no evidence of several of the factors listed in *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We find these assertions state arguable bases for appeal challenging the sufficiency of the evidence supporting both the grounds for termination and the best interest finding. Accordingly, we must conclude the trial court abused its discretion by determining the appeal was frivolous. *See In the Interest of A.B.,* 269 S.W.3d 120, 124-25 (Tex.App.—El Paso 2008, no pet.); *In re K.E.L.,* No. 11-10-00144-CV, 2011 Tex.App. LEXIS 4209, at *4-5 (Tex.App.—Eastland June 2, 2011, no pet.) (mem. op.); *In the Interest of J.S.,* No. 01-11-00062-CV, 2011 Tex.App. LEXIS 3445, at *8-9 (Tex.App.—Houston [1[st] Dist.] May 2, 2011, no pet.) (mem. op.) (all finding abuses of discretion in frivolousness determinations). We will therefore address the merits of appellant's contentions.

Termination of Parental Rights

Parents' rights to "the companionship, care, custody and management" of their children are constitutional interests "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In a termination case, the State seeks not merely to limit those rights, but to end them finally

and irrevocably--to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit. *See* Tex. Fam. Code Ann. § 161.206 (West 2011); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

Because termination of parental rights is such a drastic act, due process requires that the petitioner justify termination by clear and convincing evidence. *See* Tex. Fam. Code Ann. § 161.206(a) (West 2011); *In re J.O.A.,* 283 S.W.3d 336, 344 (Tex. 2009). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2011). Because of the severity and permanency of the termination of a parent-child relationship, termination proceedings should be strictly scrutinized and involuntary termination statutes are strictly construed in favor of the parent. *Holick*, 685 S.W.2d at 20-21.

For termination of parental rights under section 161.001, the trial court must find, by clear and convincing evidence, both that the parent has engaged in one of the grounds for termination listed in section 161.001(1) and that termination of the parent-child relationship is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001 (West 2011); *Horvatich v. Tex. Dep't of Protective & Regulatory Servs.*, 78 S.W.3d 594, 596 (Tex.App.--Austin 2002, no pet.).

While the proof must support both findings, often, evidence of statutory grounds for termination will be relevant to the best interest determination. *In re A.V.,* 113 S.W.3d

6

355, 362 (Tex. 2003); *In re M.A.N.M*, 75 S.W.3d 73, 79 (Tex.App.--San Antonio 2002, no pet.); *In re D.M.*, 58 S.W.3d 801, 814 (Tex.App.--Fort Worth 2001, no pet.).

Standard of Review

When both legal and factual sufficiency challenges are presented, the reviewing court first reviews the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981). Taking into account the burden of proof required at trial, we review the legal sufficiency of the evidence in a termination proceeding by considering all of the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor, to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In a factual sufficiency review of a termination proceeding, we review all of the evidence in a neutral light to determine whether the evidence is such that the finder of fact could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

Statutory Grounds for Termination

By her third and fourth issues, appellant challenges the legal and factual sufficiency of each of the statutory grounds for termination found by the trial court. When a trial court finds more than one ground for termination under section 161.001(1), the judgment of termination will be affirmed if the evidence supports any one of the grounds, and the best interest finding. *In re D.M.*, 58 S.W.3d at 813. We find the evidence sufficient to support the trial court's finding that appellant engaged in conduct

or knowingly placed N.D.B. with persons who engaged in conduct which endangered the child's physical or emotional well-being, under section 161.001(1)(E). Tex. Fam. Code Ann. § 161.001(1)(E) (West 2011). It is thus not necessary for us to address the sufficiency of the evidence supporting the other two grounds found by the trial court. Tex. R. App. P. 47.1 (requiring opinion to address every issue raised and necessary to disposition of the appeal).

To "endanger" means to expose to loss or injury, to jeopardize. *In re M.C.,* 917 S.W.2d 268, 269 (Tex. 1996); *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex.1987). Under subsection E, the relevant inquiry is whether there was evidence presented that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re K.A.S.*, 131 S.W.3d 215, 222 (Tex App.--Fort Worth 2004, pet. denied); *Dupree v. Tex. Dep't of Prot. & Reg. Servs.*, 907 S.W.2d 81, 83-84 (Tex.App.--Dallas 1995, no writ). Termination under subsection E must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re S.A.P.*, 169 S.W.3d 685, 702 (Tex.App.--Waco 2005, no pet.); *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex.App.--Fort Worth 2003, no pet.).

While endangerment requires more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the parent's conduct be directed at the child or that the child actually suffer injury. *Boyd*, 727 S.W.2d at 533. Endangerment may include what a parent does both before and after the birth of a child. *In re U.P.*, 105 S.W.3d 222, 234 (Tex.App.--Houston [14th Dist.] 2003, pet. denied); *Avery v. State*, 963 S.W.2d 550, 553 (Tex.App.--Houston [1st Dist.]

8

1997, no writ). As a general matter, conduct that subjects a child to a life of uncertainty and instability may endanger the child's physical and emotional well-being under subsection E. *In re J.O.A.*, 283 S.W.3d at 345 n.4; *In re K.B.,* No. 03-09-00366-CV, 2010 Tex.App. LEXIS 9783, at *13 (Tex.App.—Austin Dec. 9, 2010, no pet.) (mem. op.). Drug addiction and its effect on a parent's life and ability to parent may establish an endangering course of conduct by a parent sufficient to support a petition to terminate parental rights. *Perez v. Tex. Dep't of Protective & Regulatory Servs.,* 148 S.W.3d 427, 436 (Tex.App.—El Paso 2004, no pet.). "A parent's failure to remain drug-free while under the Department's supervision will support a finding of endangering conduct under subsection (E) even if there is no direct evidence that the parent's drug use actually injured the child." *Vasquez v. Tex. Dep't of Protective & Regulatory Servs.*, 190 S.W.3d 189, 196 (Tex.App.—Houston [1st Dist.] 2005, pet. denied). Further, evidence as to conduct endangering another child may be relevant to a determination under subsection E. *In re J.C.,* 151 S.W.3d 284, 288 (Tex.App.—Texarkana, 2004, no pet.).

Recall, testimony showed N.D.B. was removed from appellant's care when the infant was four months old. Appellant's own testimony established that before the child's removal, she used illegal drugs while N.D.B. was present. Although she told the court she never used drugs in front of the child but went to a different room, she agreed her drug use endangered N.D.B. Appellant's father agreed that N.D.B. was always with appellant and therefore would have been present when appellant used drugs. He acknowledged appellant's "serious drug problem."

And appellant's drug use was not limited to that period of time. The court heard testimony appellant tested positive for methamphetamine in October 2009 and again on

March 22, 2010, the day she gave birth to another child. During her testimony, appellant acknowledged her addiction to methamphetamine, and its use during her pregnancy with the child born in March 2010. That child tested positive for methamphetamine at birth. The evidence thus convincingly established appellant engaged in a pattern of drug use, jeopardizing the well-being of N.D.B. and her sibling born in March 2010.

Further, appellant had drug-related felony charges pending at the time of the hearing. She was arrested four times between June 2009 and October 2010, when this case was heard. The court was informed that one charge was a second degree felony and two were third degree felonies, each carrying potentially significant prison sentences if appellant is found guilty.

The court also heard testimony from a Department caseworker, Cross, that appellant had lived at several addresses over the course of the case and did not have stable housing. Cross testified she was concerned about appellant's continued relationship with her live-in boyfriend with whom she previously consumed drugs. A psychologist indicated his opinion that he had serious doubts about appellant caring for N.D.B. and, unless circumstances had changed drastically since he evaluated her in November 2009, he did not believe she could provide N.D.B. with a safe and stable environment.

There is evidence contrary to the trial court's finding under subsection E. Cross acknowledged appellant had completed many of her court-ordered services. Appellant also testified about her compliance. We cannot agree, however, that evidence of

compliance with terms of her service plan or of improvements in her conduct nullified the clear and convincing evidence of her endangering conduct. *In re J.O.A.,* 283 S.W.3d at 346 ("[w]hile recent improvements made by [father] are significant, evidence of improved conduct, especially of short-duration, does not conclusively negate the probative value of a long history of drug use and irresponsible choices); *Jordan v. Dossey,* 325 S.W.3d 700 (Tex.App.—Houston [1ˢᵗ Dist.] 2011, pet. denied) (noting same); *In re K.B.,* No. 03-09-00366-CV, 2010 Tex.App. LEXIS 9783, at *22 (even if jury concluded mother had improved, it was free to determine any recent improvements did not outweigh her past behavior). Further, compliance with some (even most) terms of a service plan does not preclude termination of parental rights. *In the Interest of A.C.B.,* 198 S.W.3d 294, 298 (Tex.App.—Amarillo 2006, no pet.).

Viewing the evidence in the light most favorable to the Department as the prevailing party, a rational trier of fact could have reasonably formed a firm belief or conviction appellant engaged in conduct that endangered the physical or emotional well-being of N.D.B.  Likewise, viewing the evidence as a whole in a neutral light, a rational trier of fact reasonably could have reached the same firm belief or conviction. The evidence is legally and factually sufficient to support the trial court's finding under section 161.001(1)(E).

We overrule appellant's third and fourth issues.

Best Interest of N.D.B.

In appellant's first and second issues, appellant contends the evidence is legally and factually insufficient to support the trial court's conclusion that termination is in the

best interest of N.D.B. To terminate a parent's rights, the evidence must establish by clear and convincing evidence that termination is in the best interest of the child. *Holley*, 544 S.W.2d at 370; *Horvatich*, 78 S.W.3d at 596. There is a strong presumption that the best interest of a child is served by keeping custody in the natural parent. *In re D.T.*, 34 S.W.3d 625, 641 (Tex.App.--Fort Worth 2000, pet. denied). However, while parental rights are of constitutional magnitude, they are not absolute. *See In re C.H.*, 89 S.W.3d at 26. Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right. *Id.* The best interest analysis evaluates the best interest of the child, not that of the parent. *In the Interest of A.C.B.*, 198 S.W.3d at 298.

In determining whether termination of a parent-child relationship would be in the best interest of the child, courts may consider a number of factors. The factors listed by the Texas Supreme Court in *Holley* include the desires of the child, the present and future physical and emotional needs of the child, the present and future emotional and physical danger to the child, the parental abilities of the person seeking custody, programs available to assist those persons in promoting the best interest of the child, plans for the child by those individuals or by the agency seeking custody, the acts or omissions of the parent that may indicate that the existing parent-child relationship is not appropriate, and any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371-72. But the list is not exhaustive. Further, no single consideration or factor is controlling and a fact finder is not required to address all of them. *Id.* at 372.

12

The record shows appellant is 26 years old, has four children, none of whom live under her care. By the time of trial, N.D.B. was almost two years old, still too young to express her desires to the court. But the court heard evidence casting doubt on appellant's bond with N.D.B. Appellant's half sister, Shelby Fish, with whom the child is placed, testified she had never seen appellant act as a mother toward the child. She also said the child refers to her, not appellant, as "Mom." The court also heard testimony that appellant failed to keep scheduled visits with N.D.B., failed to adequately progress through her services, and failed to attend all of her therapy sessions.

It is clear also that appellant has not recovered from the consequences of her drug use. Not only does appellant face the possibility of significant jail time if found guilty of the untried charges, she testified she was scheduled to enter treatment for sixty days in an "intensive lockdown facility," followed by up to 9 months in an inpatient facility in which she would be required to earn the rights to have visitors and furloughs with her family.

Not surprisingly, evidence showed appellant had not exhibited financial or residential stability. *See Dupree,* 907 S.W.2d at 87 (the need for permanence is the paramount consideration for the child's present and future physical and emotional needs; the goal of establishing a stable, permanent home for a child is a compelling interest of the government).

In her testimony, appellant admitted she continued to live with the boyfriend with whom she used drugs in the past. She and her father testified the relationship was positive, but the trial court was not required to agree. *See In re T.N.*, 180 S.W.3d 376,

13

382-83 (Tex.App.--Amarillo 2005, no pet.) (the trier of fact may believe all, part, or none of the testimony of any witness).

Appellant admitted at trial that while she had made progress, she was not then in a position to care for N.D.B. She told the court she did not think it was in N.D.B.'s best interest to be placed with her at that time but she desired to "keep on the right track." She stated she was trying to change and wanted to keep her rights to N.D.B. Appellant's father also testified appellant was making significant efforts to improve her situation. *In re J.W.M., Jr. and L.P.M.,* 153 S.W.3d 541, 549 (Tex.App.—Amarillo 2004, pet. denied) (the fact a parent exhibits improvements in her life during the months just before trial does not mandate that the evidence in favor of best interest is sufficient); *In re M.G.D.*, 108 S.W.3d 508, 514-15 (Tex.App.--Houston [14th Dist.] 2003, pet. denied) (holding that evidence of recent improvement and compliance with service plan is not determinative).

Cross testified N.D.B. was placed with appellant's half sister in September 2009 and the plan was to have her adopt the child. Cross testified N.D.B. is doing well and is bonded to Fish and her male partner. N.D.B.'s biological father told Cross he wanted N.D.B. to remain with Fish. Fish stated she did not know if termination of appellant's rights to N.D.B. was in N.D.B.'s best interest but that she would do what was best for N.D.B. and allow contact with appellant and other family members. Appellant did not express any plans for N.D.B.'s future. The guardian *ad litem* opined N.D.B. was doing well in her placement and did not recommend she be returned to appellant. While there is a strong presumption that keeping a child with a parent is in the child's best interest,

prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. Tex. Fam. Code Ann. § 263.307(a) (West 2011).

In light of all the evidence viewed in accordance with the required standards, the trial court could have reasonably formed a firm belief or conviction that termination of appellant's rights was in N.D.B.'s best interest. Accordingly, we find the evidence legally and factually sufficient to support the trial court's finding and overrule appellant's first and second issues.

Conclusion

Having resolved each of appellant's issues against her, we affirm the judgment of the trial court.

James T. Campbell<br>Justice